UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE,<br><br>  Plaintiff(s),<br>  v.<br>CELIA SANCHEZ,<br>  Defendant(s).<br>_____/ | No. C 12-04718 MEJ<br><br>**ORDER TO SHOW CAUSE** |

    On September 10, 2012, the Defendant(s) removed this unlawful detainer action from Yolo County Superior Court. However, an unlawful detainer action does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Thus, it appears that jurisdiction is lacking and the case should be remanded to state court. Accordingly, the Court ORDERS Defendant(s) to show cause why this case should not be remanded to the Yolo County Superior Court. Defendant(s) shall file a declaration by September 27, 2012, and the Court shall conduct a hearing on October 11, 2012 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. In the declaration, Defendant(s) must address how this Court has jurisdiction over Plaintiff's unlawful detainer claim.

    Defendant(s) should be mindful that an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410

F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal. *See e.g. Aurora Loan Services, LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2–3 (S.D.Cal. Nov.19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at 2–3 (C.D.Cal. Nov. 22, 2010); *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

**IT IS SO ORDERED.**

Dated: September 13, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

2

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE,

                Plaintiff(s),

  v.

CELIA SANCHEZ,

                Defendant(s).
                                            /

No. C 12-04718 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Celia Sanchez
27 5th Street, Unit C
Woodland, CA 95695


Dated: September 13, 2012

                                      Richard W. Wieking, Clerk
                                      By: Rose Maher, Deputy Clerk